## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ASHLEY KAWCZYNSKI,

      Movant,

v.                                                    Case No. 2:24-cv-00578
                                                      Case No. 2:22-cr-00160

UNITED STATES OF AMERICA,

      Respondent.


### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 111). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

#### *Movant's federal criminal conviction*

On October 24, 2022, Movant pled guilty to one count of Possession with Intent to Distribute 50 grams or more of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Two) and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three) as stated in a three-count indictment filed in this Court. (No. 2:22-cr-00160, ECF Nos. 39-41). In the Stipulation of Facts in support of her plea agreement, Movant agreed that she knowingly possessed approximately 328 grams of methamphetamine in a blue

bag near the bed in her bedroom. (ECF No. 41 at 11). She also agreed that she possessed two firearms in her bedroom—a Ruger LCP Max .380 caliber semi-automatic pistol, and a Springfield Hellcat 9mm semi-automatic pistol—which she kept for the purpose of protecting herself, the methamphetamine, and the money she made from selling methamphetamine. (*Id.*) Movant acknowledged that she had read the Stipulation of Facts and that all facts contained therein were true. (*Id.* at 7).

On February 8, 2023, Movant was sentenced to serve a total term of imprisonment of 120 months (60 months on each count to run consecutively). (ECF Nos. 52, 55, 64).[1] The District Court also imposed a four-year term of supervised release and a $200 special assessment. (*Id.*) On March 13, 2023, Movant filed a Notice of Appeal. (ECF No. 58). However, Movant subsequently moved for voluntary dismissal of the appeal, which the Fourth Circuit granted on June 30, 2023. (ECF Nos. 69 and 70). Movant is presently incarcerated at FCI Hazelton with a projected release date of January 11, 2031.

*Movant's section 3582 motions*

On November 6, 2023, Movant filed a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment Criminal History Status Points." (ECF No. 77). The Office of the Federal Public Defender was appointed to represent Movant. However, by Order entered on June 3, 2024, the District Court denied Movant's § 3582 motion. (ECF No. 88.) Movant filed a Notice of Appeal on June 21, 2024. (ECF No. 91). By Per Curiam Opinion entered on October 25, 2024, the Fourth Circuit affirmed the District Court's decision. (ECF No. 114 and 115). Thereafter, Movant

---

[1] The District Court determined that Movant was subject to an advisory guideline range of 108 to 135 months as to Count Two and 5 years to life as to Count Three. (ECF Nos. 54, 55, 57, 64). However, the District Court found that a downward variance was justified and sentenced Movant to the statutory mandatory minimum on both counts, for a total term of imprisonment of 120 months. (ECF No. 64 at 13).

filed additional motions for compassionate release under § 3582(c), which were also denied.  (ECF Nos. 102, 108, 123, and 126).

### Movant's first section 2255 motion

On May 15, 2023, Movant filed her first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, in which she raised a single claim of ineffective assistance of counsel based upon a failure to challenge the firearms charge on the basis that she did not own the guns and never used them.  (ECF No. 65).  The District Court adopted the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Cheryl A. Eifert and denied Movant's § 2255 motion by Memorandum Opinion and Order entered on September 23, 2024.  (ECF No. 105). Movant did not appeal the final order.[2]

### Movant's second section 2255 motion

On June 7, 2024, Movant filed her second § 2255 motion, in which she sought to have her sentences run concurrently.  (ECF No. 90).  That motion is currently pending before United States Magistrate Judge Joseph K. Reeder.  (ECF Nos. 96 and 101).

### The instant section 2255 motion

On October 15, 2024, Movant sent a letter to Judge Reeder that was construed to be another § 2255 motion.  (ECF No. 111).  In this motion, Movant appears to challenge her conviction under 18 U.S.C. § 924(c) based on the decisions in *United States v. Davis*, 588 U.S. 445 (2019) and *Dean v. United States*, 581 U.S. 62 (2017), both of which were decided by the United States Supreme Court before Movant was convicted and sentenced. She again claims that she never used the firearms in her drug trafficking offenses.  She

---

[2] After Magistrate Judge Eifert entered her PF&R, Movant filed a premature appeal to the Fourth Circuit, which was denied for lack of jurisdiction on October 25, 2024.  (ECF Nos. 114 and 115).  However, Movant did not again appeal after the District Court adopted the PF&R.

also claims that her guilty plea was unknowing and involuntary and that her counsel was ineffective. Finally, she seeks a sentence reduction under the First Step Act and claims that her criminal history points were improperly calculated. As noted above, this motion is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

### *Movant's fourth section 2255 motion*

On January 13, 2025, Movant filed a fourth § 2255 motion, in which she sought a correction of her sentence under the 2024 amendments to the United States Sentencing Guidelines, claiming that § 924(c) "is now classified as a nonviolent offense and the enhancement factor should no longer apply." (ECF No. 120). On July 22, 2025, United States Magistrate Judge Omar J. Aboulhosn submitted a PF&R recommending that this § 2255 motion be denied as an unauthorized second or successive § 2255 motion, which is pending, without objection, before the presiding District Judge. (ECF No. 127).

### **ANALYSIS**

The instant motion must also be dismissed as an unauthorized second or successive § 2255 motion over which this Court lacks jurisdiction. Movant previously filed an unsuccessful 2255 motion concerning her federal criminal judgment and she has not sought and received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion. Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999).

To obtain certification from the Court of Appeals, the Movant must demonstrate that the motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* Movant does not contend that the claims in the instant motion fall under either the category of newly discovered evidence or a new rule of constitutional law decided after her sentencing. Moreover, Movant has failed to allege or demonstrate that she has obtained the necessary authorization from the United States Court of Appeals for the Fourth Circuit Court to file this successive motion. Thus, this Court lacks jurisdiction to review it. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 111) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Movant, and to transmit a copy to counsel of record.

September 5, 2025

Dwane L. Tinsley
United States Magistrate Judge